Reese, J.
delivered the opinion the court.
This case was commenced by attachment in the county of Franklin. The agent of the plaintiff in the affidavit filed, havingstated the indebtedness of the defendant, adds, “that the said John Berry is removing out of this said county ‘privately’ to the best of my knowledge and belief.’ ” The question is whether this affidavit is sufficient? The 19th section of the act of 1794, ch. 1, provides, that upon complaint being made, &c., that “any person hath removed, or is removing himself out of the county, ‘privately,’ or so *444 absconds or conceals himself, that the ordinary process of law cannot be served on such debtor,” &c., the attachment may be granted.
The statement in the case before us is, that the debtor was removing himself out of the county “privately,” and the defendant insists that this is not sufficient,but that the words “ordinary process of law cannot be served,” should have been added. In grammatical construction it is obvious that the word “privately” qualifies the phrases “hath removed” and “is removing,” and that the subsequent words “ordinary process of law cannot be served,” relate to and explain the meaning of the words “abscond” and “conceal.” In its sense and legal construction, the first clause provides for a case of private change of domicil, past, or in the act of taking place, and the second clause fora case where, there being no change of domicil, the debtor yet' “absconds” and “conceals” himself in a manner (o prevent the serving of ordinary legal process. The defendant in the case before us has cited and relied on the case of Dunn vs. Myers, 3 Yerg. 414, and the plaintiffhas cited and relied on the case of Conrad vs. McGee, 9 Yerg. 428. But an attentive consideration of the two cases will make it manifest, we think, that they are in harmony with each other. The first case, indeed, contains the following sentence: “Having ‘removed’ or being about to remove, are connected together in the first sentence of the 19th section, so as to mean, that the manner in which the one may have taken, or the other is about to take place, are the same, that is ‘privately,’ so that the ordinary process of law cannot be served.” That the juxtaposition of these phrases is intended to intimate that they are of equivalent meaning, and not that they must both be set forth, is shown in the paragraph which immediately follows in the opinion of the court. Besides, the case of Dunn vs. Myers, did not turn, as did that of Conrad vs. McGee, upon the form of the attachment oath. We are of opinion, therefore, that the court below erred in quashing the attachment upon the ground stated.